JUDGMENT
================================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---------------

NO. 98-10023
CT/AG#: CR-91-00079-ACK

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

H. WAYNE HAYES, JR.

    Defendant - Appellant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 7 1999

at 9 o'clock and 10 min. A M.
WALTER A. Y. H. CHINN, CLERK

---------------------

APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Filed and entered      March 25, 1999

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY - 3 1999

by Lorena Parada
Deputy Clerk

Case 1:91-cr-00079-HG Document 300 Filed 05/07/99 Page 2 of 5 PageID.31

4\|

NOT FOR PUBLICATION

**FILED**

MAR 25 1999

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 98-10023 |
| Plaintiff-Appellee, | D.C. No. CR-91-00079-HMF (ACK) |
| v. | MEMORANDUM[1] |
| H. WAYNE HAYES, JR., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Argued and Submitted March 11, 1999
San Francisco, California

Before: FERNANDEZ and McKEOWN, Circuit Judges, and WEINER,[2] Senior District Judge.

H. Wayne Hayes, Jr. appeals the district court's denial of his motion for

---

[1] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[2] Honorable Charles R. Weiner, Senior United States District Judge, Eastern District of Pennsylvania, sitting by designation.

reduction of sentence pursuant to Fed. R. Crim. P. 35. The district court had jurisdiction pursuant to 18 U.S.C. § 3231; this court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We reverse in part and remand.

While Hayes' argument regarding the Parole Board's use of inaccurate information attempts to challenge his release date under his existing sentence, and was thus properly dismissed by the district court because it sought habeas relief, his arguments regarding the district court's failure to consider (1) its own use of inaccurate information in imposing the original sentence, (2) his conduct while incarcerated and (3) the propriety of consecutive sentences, all sought relief that was appropriate under Rule 35 but were not considered below.

The law of the Circuit is clear that a challenge to the Parole Board's reliance upon inaccurate information states a claim for habeas relief, and thus "[a] motion to vacate or correct a sentence is not the appropriate remedy." Elliott v. United States, 572 F.2d 238, 239 (9th Cir. 1978). Such a claim necessarily implicates the validity of the inmate's continuing confinement, and could not accrue unless and until the sentence was successfully attacked in a habeas proceeding. Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997); see also Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990) ("The proper way to seek review of the Parole Commission's decision is by a petition for a writ of habeas corpus".). Since the

portions of the Rule 35 motion dealing with Hayes' treatment by the Parole Board clearly sought habeas relief, the district court in Hawaii had no jurisdiction to hear them. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895 (9th Cir. 1996) (federal prisoner's habeas petition may only be heard in the federal district in which the petitioner is incarcerated or his immediate custodian is located); Doganiere, 914 F.2d at 169-170. Thus this part of the district court's decision is affirmed.

Hayes' argument that the district court erred in failing to consider his other arguments has more substance. The district court's consideration of inaccurate information in imposing the original sentence is an appropriate argument to make in a Rule 35 motion, but was not addressed by the district court. "A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court." United States v. Smith, 964 F.2d 885, 887 (9th Cir. 1992). "Its function is to allow courts to 'decide if, on further reflection, the original sentence now seems unduly harsh.'" Id. (citation omitted). "In determining whether a decision-maker abused his discretion, the reviewing 'court must consider whether the decision was based on consideration of the relevant factors and whether there has been a clear error of judgment.'" Id., quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

The ability of a district court to correct a sentence on a Rule 35(b) motion

3

because it considered inaccurate information in imposing the original sentence is a result suggested in <u>Smith</u>. There we declined to remand for further consideration where the district court denied a Rule 35 motion with no articulation of its reasons since there were no "compelling circumstances" requiring that the district court explain its reasons. As an example of a "compelling reason," we offered a situation where the original sentence was based on materially inaccurate information. <u>Id.</u> at 887. Hayes makes a similar argument here.

Hayes' argument that the imposition of consecutive sentences was inappropriate, was also not addressed by the district court in its decision. This claim also does not seek habeas relief, since he is arguing the consecutive sentences were *inappropriate*, rather than *illegal*. Thus Hayes' argument could be construed as a plea for mercy, rather than an argument that the sentence was legally infirm.

The district court's holding that it lacked jurisdiction to consider Hayes' argument regarding the Parole Board's use of inaccurate information is AFFIRMED. We REVERSE in part and REMAND for consideration of Hayes' alternative claims under Rule 35.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY - 3 1999

by *Larena Parada*
Deputy Clerk